UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

BRIAN SCOTT JONES,
            Defendant.

Criminal No. 1:06-MJ-330(AK)

## DETENTION MEMORANDUM

The Defendant, Brain Scott Jones, has been charged by criminal complaint with bank robbery under 18 U.S.C. § 2113(a). The government requested a detention hearing, which was held on August 1, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Special Agent Brian P. Jacob with the FBI testified for the government. At approximately 11:20 a.m. on July, 21 2006, a man entered the Citibank branch at 3800 12th St. NE, approached the counter, and passed a note to a teller. This note was written on a third of a sheet of 8 ½ x 11" paper and demanded that the teller put thirty $100 bills in an

envelope. The teller triggered the silent alarm, which alerted D.C. Metropolitan Police to the incident. She then placed $2,250 in an envelope and handed it to the robber. According to Special Agent Jacob's testimony, the teller described the robber as a light-skinned black male in his mid-to-late 20's, between 5'5" and 5'6" tall and weighing about 150 pounds. She also stated that the robber was dressed in a white tank top, a camouflage hat, and dark-rimmed glasses.

After receiving the money, the robber turned and left the bank. Video surveillance cameras outside the bank showed a man fitting the same description as the bank robber leaving the bank and embracing a man (called "Witness 1" by the FBI) who had just completed a transaction at the same bank. The FBI used that man's transaction information to find out his account number and subsequently his name and address. The witness identified the man he had met outside the bank as Brian Jones, an acquaintance from elementary school. The FBI used this name to search for photos of potential suspects. The photograph of the Defendant in the District of Columbia Metropolitan Police database matched the description given by the bank teller.

## Discussion

Having heard the testimony at the August 1, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed the bank robbery. Where, as here, there is probable cause to believe that a Defendant committed a crime of violence for which the maximum term of imprisonment is ten years or more, the government may seek pretrial detention on the basis that the Defendant poses a risk of flight or an unreasonable danger to the community. 18 U.S.C. § 3142(f)(1)(A).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides,

in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). In this case, the government seeks detention on both grounds, that the Defendant presents a flight risk and would pose a danger to the community if released.

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with unlawfully, knowingly and intentionally robbing a bank, by force and violence and by intimidation. Bank robbery is a crime of violence. Thus, the charges are most serious.

The second factor, the weight of the evidence, also supports detention. The description of the robber given by the teller matches the appearance of the Defendant. The man outside the bank, seen on the surveillance video speaking with the bank robber, identified the man in

question as Brian Jones, a man he had known for approximately thirty years.

The third factor, the history and characteristics of the Defendant does not favor detention. The Defendant currently has a full-time job and has family in the area. His only prior felony conviction is almost 15 years old and has been expunged from the record.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, supports detention as well. As stated previously, the Defendant is charged with bank robbery, which is a serious offense and designated as a crime of violence. Further, the Court believes that he would pose a danger to others if released.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. Therefore, the government's motion for pretrial detention is granted.


Dated: August _4th_ 2006            _____/s/_____
                                    ALAN KAY
                                    UNITED STATES MAGISTRATE JUDGE