

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 24, 2006

Dani Jahn, Esquire, and Tony Miles, Esquire
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

**FILED**

**OCT 2 7 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   United States of America v. Brian S. Jones
      No. 01:06-cr-286 & No. 01:06-mj-413

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Brian S. Jones, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on October 27, 2006. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows.

### Charges and Statutory Penalties

1. Your client agrees to plead guilty to bank robbery, as charged in the indictment in case number 1:06-cr-286, in violation of 18 U.S.C. § 2113(a), which indictment concerns a bank robbery occurring on or about July 21, 2006.

2. Your client understands that pursuant to 18 U.S.C. § 2113(a), the charge carries a maximum sentence of twenty years in prison; a fine of $ 250,000, or twice the pecuniary gain or loss attributed to the offense, whichever is greatest, pursuant to 18 U.S.C. § 3571(d); a $ 100 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(A); a three-year term of supervised release, pursuant to 18 U.S.C. § 3583(b)(2); an order of restitution, pursuant to 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on assessments, fines and restitution not timely paid.

3. In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offenses. In addition, at the time of sentencing, the Government will move to dismiss the complaint in case number 01:06-mj-413, and the government will not further prosecute him with respect to the conduct concerning that charge also set forth in the Statement of Offenses. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4. Your client agrees that the attached "Statement of the Offenses" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the guilty plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005), as amended to March 27, 2006 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### Offense Level Under the Guidelines

6. Under U.S.S.G. § 2B3.1(a), the base offense level is 20, and pursuant to U.S.S.G. § 2B3.1(b), a two-level increase is also appropriate because the property of a financial institution was taken. In addition, pursuant to U.S.S.G. § 1B1.2(c), an additional offense was committed, specifically, a bank robbery on February 24, 2006, as set forth in the Statement of Offenses, and that pursuant to that provision, the Sentencing Guidelines require that the defendant be treated, for Guidelines purposes, as if he has been found guilty of an additional count of bank robbery. Pursuant to U.S.S.G. §§ 3D1.1 and 3D1.2, the two offenses do not group, and, accordingly, pursuant to U.S.S.G. § 3D1.4, an additional two-level increase is appropriate. These provisions collectively result in an adjusted offense level of 24.

**Acceptance of Responsibility: 3-point reduction**

6. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Guideline Departures**

7. The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**

8. The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range. The government also agrees not to seek a sentence above the low end of the applicable Guidelines Range. Nothing in this Agreement limits the right of the defendant to make any arguments regarding where within the applicable Sentencing Guidelines range the defendant should be sentenced.

**Court Not Bound by the Plea Agreement**

9. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon

the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

10. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Release/Detention

11. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

### Breach of Agreement

12. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

13. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence

410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

14. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

15. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

16. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Waivers Concerning Speedy Trial Act**

17. It is further agreed that the defendant waives any defense under the Speedy Trial Act, 18 U.S.C. §§ 3161 - 3167, with respect to the timing of the return of the indictment in case number 01:06-cr-286, and will agree to toll until the time of sentencing, in the interests of justice, the Speedy Trial Act clock with respect to the time for indicting and trying the offense set out in case number 01:06-mj-413.

**Waiver of Right to DNA Testing**

18. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**Complete Agreement**

19. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

20. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

21. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: _____
Michael C. Liebman
Assistant United States Attorney
353-2385

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys, Dani Jan, Esquire, and Tony Miles, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

10/27/06
date

Brian S. Jones
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

10/27/06
date

Dani Jahn, Esquire
Assistant Federal Public Defender
attorney for defendant Brian S. Jones

10/27/06
date

Tony Miles, Esquire
Assistant Federal Public Defender
attorney for defendant Brian S. Jones