```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**           )
                                        )
      **v.**                              )   1:06-CR-286-JDB
                                        )
**BRIAN S. JONES,**                     )
                                        )
           **Defendant.**             )

Government's Memorandum in Aid of Sentencing

On October 27, 2006, defendant Brian S. Jones, pursuant to a plea agreement, pleaded guilty to a one-count indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). During the guilty plea colloquy, defendant Jones admitted committing the bank robbery charged in the indictment, of a Citibank branch on July 21, 2006, and also admitted robbing a Wachovia bank branch on February 24, 2006. Sentencing is set for January 18, 2007, at 9 a.m.

Background

From December 7, 2005, to January 17, 2006, defendant Jones was working as a special police officer for U.S. Security Associates, Inc., and was assigned exclusively to a Sun Trust bank branch at 410 Rhode Island Avenue, N.E., Washington, D.C. He was reassigned, pursuant to a request from his supervisor to a manager for U.S. Security Associates, because he was frequently asking to leave work early, but he would continue working for U.S. Security Associates at other locations until March 2006.

On Friday, February 24, 2006, at approximately 9:12 a.m., the defendant walked into a Wachovia Bank branch located at 2801 Georgia Avenue, N.W., Washington, D.C., walked up to one of the teller windows, and slipped a note under the glass.  The handwritten note stated:

> Remain Calm.  I have a gun.
> Put 20, $100 dollar bills & 10, $50 dollar bills
> in an envelope & no one will be harmed.
> When you hand me the envelope tell
> me to have a nice or a good day.  Do
> not sound the alarm until I have left
> for four minutes.

In response, the teller handed defendant Jones a bank envelope containing a package of twenty-dollar bills and some unwrapped bills, totaling $1055.  Defendant Jones took the envelope and calmly walked out of the bank.[1]

In March 2006, defendant Jones left U.S. Security Associates and began working as a security guard for Revel Enterprise, Inc., based in Silver Spring, Maryland.  He worked for Revel Enterprise until June 2006, when he returned to U.S. Security Associates.

---

[1] This teller has submitted a written victim impact statement to the probation officer.  In his statement, the teller noted that for two to four months after the robbery he felt he could not trust any customer who came to his window, that he felt vulnerable, and that he came to believe his job was dangerous.  He wrote that the robbery greatly upset his wife, who was pregnant with their first child, and that he considered leaving his job and returning to his native country.  The statement also documents that he spent $400 on traditional medical treatments, which he advised were for stress he suffered as a result of the robbery.

On July 21, 2006, at approximately 11:21 a.m., defendant Jones, who was still employed as a SPO with U.S. Security Associates, walked into a Citibank branch at 3800 Twelfth Street, N.E., Washington, D.C.  Once again, he walked up to a teller window and slid a handwritten note under the glass.  This note stated:

> Remain calm & follow my instructions &
> no one will get hurt.  Put 30, $100
> dollar bills in an envelope

In response the teller handed the defendant $2550 in cash, made up of five (5) fifty-dollar bills and twenty-three (23) 100-dollar bills.  The defendant put the cash into his pocket and calmly walked out of the bank.[2]

On July 24, 2006, an arrest warrant was issued for the defendant in connection with the Citibank robbery the week before.  He was taken into custody without incident on July 27, 2006.  After waiving his <u>Miranda</u> rights, defendant Jones was interviewed by an FBI special agent and a MPD detective.  During the interview, he denied robbing the Citibank branch located at 3800 Twelfth Street, N.E., on July 21, 2006.

---

[2]The victim teller of this robbery, a young woman who suffers from a hearing disability, has chosen not to make any statement to the Court, out of fear of retaliation by the defendant.

On September 27, 2006, while being held in the Citibank matter, defendant Jones was charged by complaint (06-mj-413) with the February 2006 robbery of the Wachovia branch.[3]

<u>The Statutory Maximums, The Sentencing Guidelines Calculations, and the Plea Agreement</u>

As set out in the pre-sentence report, defendant Jones faces a maximum prison term of twenty years, a maximum supervised release period of three years, and a maximum fine of $250,000. There is also a statutory requirement that he pay restitution in this case, in the amount of $3605.

Under the terms of the plea agreement, the parties have agreed not to seek a prison sentence outside the applicable Sentencing Guidelines range, and the government has agreed not to seek a prison sentence above the low end of that range. The parties further agreed that the base offense level is 20, and that upward adjustments reflecting that the defendant robbed a financial institution and that he admitted to a second bank robbery, result in an adjusted offense level of 24, prior to application of the downward adjustment for acceptance of responsibility.

Other than those adjustments, the parties agreed not to seek any additional adjustments. However, the PSI writer has concluded that the adjusted offense level, prior to application

---

[3] Pursuant to the plea agreement, the government will move to dismiss that complaint at the time of sentencing.

of any downward adjustment for acceptance of responsibility, is 26, reflecting the writer's conclusion that a two-level upward adjustment is appropriate, pursuant to U.S.S.G. § 2B3.1(b)(2)(F), because the defendant's demand note in the February Wachovia bank robbery included an implied threat of death.  The government, however, is not allocuting for this adjustment.

As for acceptance of responsibility, the government agreed to a three-level reduction, provided the defendant "clearly demonstrates acceptance of responsibility . . . through [the defendant's allocution and subsequent conduct prior to imposition of sentence."  As of this writing, the government knows of no reason why the defendant is not entitled to the three-level reduction.

Based on the defendant's criminal history, and giving the defendant the full three-level credit for acceptance of responsibility and not applying the threat-of-death adjustment, the applicable Guideline range of imprisonment is 37 to 46 months, and the applicable supervised release Guideline range is two to three years.  Pursuant to the plea agreement, the government believes that a prison sentence of 37 months followed by a supervised release term of two years is appropriate.

```
                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    UNITED STATES OF AMERICA

                            /s/
        by:     _____
                    Michael C. Liebman
                    Assistant United States Attorney
                    D.C. Bar No. 479562
                    555 Fourth Street, N.W., room 4231
                    Washington, D.C.  20530
                    353-2385
```