UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 06-286 (JDB) |
| : | |
| BRIAN S. JONES, : | |
| : | |
| Defendant. : | |

### SENTENCING MEMORANDUM

On October 27, 2006, Mr. Jones plead guilty to a one-count indictment charging him with Bank Robbery, in violation of 18 U.S.C. § 2113(a). He will appear before this Honorable Court for sentencing on January 18, 2007. Mr. Jones, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

### BACKGROUND

On September 26, 2006, a one-count indictment was filed charging Mr. Jones with Bank Robbery, in violation of 18 U.S.C. § 2113(a). Mr. Jones pled guilty to the indictment on October 27, 2006, pursuant to a written plea agreement. Following his guilty plea in this case, Mr. Jones submitted to an evaluation by Carole T. Giunta, Ph.D, a clinical and forensic psychologist.[1]

Pursuant to the plea agreement and U.S.S.G. § 2B3.1, the parties agreed that the base offense level is 20; plus a two point increase due to the fact the property of a financial institution was taken. Further, the parties agreed that a two level increase would be appropriate pursuant to

---

[1] Due to the personal information contained in Dr. Giunta's report, it is being submitted to the Court and government counsel under separate cover.

§ 3D1.1, § 3D1.2, and § 3D1.4. Thereby resulting in an adjusted offense level of 24. The government also agreed to a three-level reduction for acceptance of responsibility, pursuant to §3E1.1. Further, both parties agreed that a sentence within the applicable guideline range is reasonable and that neither party would be seeking a sentence outside of the applicable guideline range. The government also agreed not to seek a sentence above the low end of the applicable guideline range.

Pursuant to the criminal history calculations, consistent with the parties understanding at the time of the plea, Mr. Jones is in Criminal History Category I. Based upon a Criminal History Category I and an adjusted base offense level of 21, the guideline range of imprisonment is 37 to 46 months. Therefore, in light of the agreements in this case, both parties are bound by the plea agreement and as a result request a low end sentence of 37 months imprisonment.

The Pre-Sentence Report, however, calculates the applicable sentencing guidelines as a range of 46 to 57 months. See PSR, ¶ 84, pg. 14. There is a dispute to this calculation pursuant to the Pre-Sentence Report writer's assessment that § 2B3.1(b)(2)(F) applies. See PSR, ¶ 21, pg. 6 and pg. 18. Mr. Jones objects to this assessment. The D.C. Circuit, in United States v. Robinson, 86 F.3d 1197 (D.C. Cir. 1996), has held that a robber makes an "express threat of death" if a reasonable person in the position of the immediate victim of the robbery would have (1) very likely believed that the robber made a threat and that the threat was to kill and (2) likely thought that his or her life was in peril, thereby experiencing 'significantly greater fear' than the intimidation required to commit robbery. Id. at 1202. Further, the Robinson court stated that the statement "I have a gun" does not clearly threaten death, and on its face, is not a "'threat" at all. Id. at 1203. Therefore, Mr. Jones submits that the language in Robinson is controlling and as a

result § 2B3.1(b)(2)(F) is inapplicable in this case.

## ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Mr. Jones's request that he be sentenced to a term of incarceration at the low-end of the calculated guideline range. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable,

> **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence to a term of 37 months incarceration would be warranted in this matter, and that a sentence of imprisonment beyond the low-end of the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2). The Court should consider Mr. Jones's mental health needs and substance abuse treatment, specifically identified in the letter from Dr. Giunta. Further, it should be noted that Mr. Jones has one prior conviction that occurred almost fifteen years ago and as a result is not counted in his criminal history calculation. While Mr. Jones committed a very serious crime, he has expressed regret and remorse for his actions. With regard to the conduct that occurred on July 21, 2006, Mr. Jones agreed to waive his right to a preliminary hearing, to file any pre-trial motions, and pled guilty in a timely fashion thereby saving scarce judicial resources.

Therefore, sentencing Mr. Jones to a term of 37 months incarceration is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Jones with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## **CONCLUSION**

For all of the foregoing reasons and such other reasons that may be discussed at the

sentencing hearing in this matter, Ms. Jones respectfully submits that a sentence of 37 months incarceration is adequate to promote the relevant sentencing objectives at issue in this case.

                                                  Respectfully submitted,

                                                  __/s/_____
                                                  Danielle C. Jahn
                                                  Assistant Federal Public Defender
                                                  625 Indiana Avenue, N.W., Ste. 550
                                                  Washington, D.C.  20004
                                                  (202) 208-7500