**HONORABLE JOHN D. BATES, UNITED STATES DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06-286-01</u> |
| | : | |
| vs. | : | SSN: <u>N/A</u> |
| | : | |
| JONES, Brian S. | : | Disclosure Date: <u>December 11, 2006</u> |

**FILED**
JAN 18 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**
(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          _____
**Prosecuting Attorney**                                **Date**

**For the Defendant**
(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

(X)   There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_[signature]_ 12/28/06          _[signature]_ 12/28/06
**Defendant**        **Date**             **Defense Counsel**    **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **December 28, 2006**, to U.S. Probation Officer **Monica Johnson**, telephone number **(202) 565-1332**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**
By: Gennine A. Hagar, Acting Chief
United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

A. J. KRAMER
*Federal Public Defender*

TELEPHONE (202) 208-7500
FAX (202) 208-7515

December 28, 2006

Monica Johnson
United States Probation Officer
United States District Court
333 Constitution Ave., N.W.
Washington, D.C. 20001

Via Facsimile: 202-273-0242

Re:   United States v. Brian S. Jones
      Criminal No.: 06-286 (JDB)

Dear Ms. Johnson:

Enclosed please find the Defendant's Objections and Comments to the Presentence report, prepared in the above case, dated December 8, 2006.

**Objections and Comments**

1.   Mr. Jones requests that Paragraph 3 on Page 3 of the Presentence Report be modified to reflect that the parties "agree that a sentence within the applicable guideline range established by the sentencing guidelines, **if determined in accordance with the parties' stipulations in this agreement**, would constitute a reasonable sentence." (Emphasis added). This language is lifted directly from paragraph eight of the plea agreement.

2.   Mr. Jones requests that Paragraph 4 on Page 3 of the Presentence Report be modified to reflect that "the government also agrees not to seek a sentence above the low end of the applicable guidelines ranges." This language is lifted directly from paragraph eight of the plea agreement.

3.   Mr. Jones requests that Paragraph 7 on Page 3 of the Presentence Report be modified to reflect that "Mr. Jones" did not wear a hat (rather than Mr. Scott).

4.   Mr. Jones objects to Paragraph 20 on Page 5 of the Presentence Report. The D.C. Circuit, in United States v. Robinson, 86 F.3d 1197 (D.C. Cir. 1996), has held that a robber makes an "express threat of death" if a reasonable person in the position of the immediate victim

of the robbery would have (1) very likely believed that the robber made a threat and that the threat was to kill and (2) likely thought that his or her life was in peril, thereby experiencing 'significantly greater fear' than the intimidation required to commit robbery. Id. at 1202. Further, the Robinson court stated that the statement "I have a gun" does not clearly threaten death, and on its face, is not a "'threat" at all. Id. at 1203. Therefore, the adjusted offense level subtotal should be 22 (not 24). Further, the combined adjusted offense level should be 24 (not 26), thereby resulting in a total offense level of 21 (not 23).

5. Mr. Jones requests that Paragraph 47 on Page 8 of the Presentence Report be modified to reflect that his step-father's name is Lavirt.

6. Mr. Jones requests that Paragraph 53 on Page 9 of the Presentence Report be modified to reflect that Mr. Jones' tooth is chipped from injuries sustained during a PCP overdose. (See paragraph 56).

7. Mr. Jones requests that Paragraph 54 on Page 9 of the Presentence Report be modified to reflect that he is now taking risperdal in addition to the zoloft.

8. Mr. Jones requests that Paragraphs 68 and 69 on Page 11 of the Presentence Report be modified to reflect that he signed up to study at the identified college/university but did not follow through with his application(s) in light of the reasons stated in the report.

9. Mr. Jones objects to Paragraph 84 on Page 13 of the Presentence Report. In light of his earlier objections, Mr. Jones maintains that his total offense level is 21 and criminal history category I, therefore the guideline range of imprisonment is 37 - 46 months.

Thank you for your consideration in this matter. Please feel free to call me if there are any details that we need to discuss.

Very truly yours,

Dani Jahn
Assistant Federal Public Defender

cc: Michael Liebman
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

2